UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10224 JLT**

LUIZ CARLOS DA COSTA-ALVES )
      Petitioner       )    MAGISTRATE JUDGE Cohen
                                )
      v.                         )
                                )    PETITION FOR HABEAS CORPUS
                                )
BRUCE CHADBOURNE            )
      Respondent            )

### PARTIES

1. The Petitioner, Luiz Carlos Da Costa-Alves, is a resident of Massachusetts, and is presently in the custody of the U.S. Immigration and Custom Enforcement, at the Suffolk County Corrections (South Bay), Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S. Immigration and Custom Enforcement, District of Boston.

### JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. § 2241. Under 28 U.S.C. § 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir.1999.)

### SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can execute Petitioner's removal from the United States where Petitioner was never advised of the consequences of failing to appear for his scheduled hearing, pursuant to §240(b)(7) of the act.

HISTORY OF PROCEEDINGS

5. The Petitioner, is a citizen and native of Brazil, who entered the United States on or about December 25, 1999, without being inspected or paroled.

6. On that same date Petitioner was served with a Notice to Appear ("NTA") and charged with being removable pursuant to section 212(a)(6)(A)(I) of the Immigration and Nationality Act.

7. Petitioner had a hearing scheduled for June 14, 2001. He failed to appear and was consequently ordered removed in absentia.

8. On October 14, 2003, Petitioner filed a motion to reopen, seeking to rescind his outstanding order of removal on the basis of exceptional circumstances, namely that he arrived for his hearing late.

9. On November 18, 2003, the immigration judge denied Petitioner's motion to reopen, concluding that the motion was time barred, and none of the exceptions to the filing deadline applied.

10. Petitioner filed a subsequent motion to reopen on the basis of lack of notice, pursuant section 240(b)(7) of the act, for failing to provide him with oral notice in his native language of the time and place of his hearing and of the consequences for failing to appear. Petitioner also sought an automatic stay of removal pending adjudication.

11. This Writ of Habeas Corpus and Stay Removal follows.

ANALYSIS

14. The Petitioner Moves this Honorable Court to grant his request for habeas relief, and stay his removal where (1) his continued detention is a violation of the Constitution and laws of the United States, and (2) his removal hearing was conducted in violation of § 240(b)(7) of the act.

15. In accordance with the notice requirements of § 240(b)(7) of the act, an alien must be provided oral

notice in his or her native language of the time and place of his or her hearing and of the consequences of failure to appear. See 8 C.F.R. § 240(b)(7).

16. Petitioner argues that he was not given oral notice of the consequences at the time and place of the schedule hearing as required, and now brings this action to protect his rights under the due process clause of the Fifth Amendment to the United States Constitution and under applicable Federal Law.

17. Petitioner does not deny that he was given written notice of his scheduled hearing. He contends that he was not given oral notice in his native language of the consequences for failing to arrive for his hearing on time, and therefore, was not aware that the court would enter a removal order in his absence.

18. Consequently, Petitioner argues that he was deprived of his statutorily created right to a hearing and to seek relief from removal.

## CONCLUSION

19. Based upon the above stated facts, the Petitioner prays that this Court will grant his request for habeas corpus, and stay his removal where his removal order was executed in violation of his Constitutional rights, and it is likely he will succeed on his motion.

Respectfully Submitted,

*[signature]*

STEPHEN A. LAGANA, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978/794-2331
BBO: 565811