UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUIZ CARLOS DA COSTA-ALVES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Civil Action No. |
| v. | ) | 04cv10224-JLT |
| | ) | |
| JOHN ASHCROFT, ET AL., | ) | |
| | ) | |
| Respondent | ) | |

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR STAY OF DEPORTATION

**SUMMARY STATEMENT OF CASE**

Respondent[1] files the instant return setting out the lawful basis of petitioner's custody, and opposing the motion for stay of deportation. The motion for stay of deportation should be denied because petitioner's filings fail to demonstrate any

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. In addition, HSA section 1512(d) provides that "[r]eferences relating to an agency that is transferred to the Department in statutes, executive orders, rules, regulations, directives, or delegations of authority that precede such transfer or the effective date of this act shall be deemed to refer, as appropriate, to the Department, to its officers, employees, or agents, or to its corresponding organizational units or functions." It is understood at present that the responsive successor official of the Bureau of Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, in the instant action is Interim Field Office Director Bruce Chadbourne, of the ICE in Boston, Massachusetts.

1

likelihood of success on the merits, and so fail to meet the stay standard set out by the First Circuit Court of Appeals in <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits); <u>Lancor v. Lebanon Hous. Auth.</u>, 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of injunctive relief").

Petitioner has failed entirely to demonstrate any likelihood of success on the merits of the claims made in his motion and petition because petitioner's challenges to his removal order are untenable.

To begin with, "Petitioner does not deny that he was given written notice of his scheduled removal hearing." Petition, p.3. Petitioner's sole challenge is that "his removal hearing was conducted in violation of [Immigration and Nationality Act] § 240(b)(7) [8 U.S.C. § 1229a(b)(7)]". However, 8 U.S.C. § 1229a(b)(7) does not state any requirement for conducting a removal hearing, nor is it a requirement of law that petitioner be "provide[d] oral notice in his native language" of the time

2

and place of hearing and consequences of failure to appear as directed.

The provision at 8 U.S.C. § 1229a(b)(7) declares only that if an alien **were** provided such notice, there would be limitations on discretionary relief from deportation for 10 years. But failure to provide the notice referred to in 8 U.S.C. § 1229a(b)(7) does not undermine the underlying removal order itself.

Rather, the statutory requirements of notice of a removal hearing are set out in 8 U.S.C. § 1229(a)(1), and direct only that written notice be provided to the alien, not written notice in his native language. As he frankly concedes, "Petitioner does not deny that he was given written notice of his scheduled removal hearing." Petition, p.3.

Accordingly, the Court should deny the motion for stay of deportation under <u>Arevalo</u>, <u>supra</u>, for failure to demonstrate any likelihood of success on the merits.

## CONCLUSION

For all the reasons set out above, the Court should deny the motion for stay of deportation, and deny all other relief sought.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By: _____
                FRANK CROWLEY
                Special Assistant U.S. Attorney
                Department of Homeland Security
                P.O. Box 8728
                J.F.K. Station
                Boston, MA 02114
                (617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on February 2, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

4