UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LUIZ CARLOS DA COSTA-ALVES,        )
                                    )
            Petitioner              )
                                    )     Civil Action No.
     v.                             )     04cv10224-JLT
                                    )
BRUCE CHADBOURNE, DIRECTOR OF       )
IMMIGRATION AND CUSTOMS             )
ENFORCEMENT,                        )
                                    )
            Respondent              )

RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT OF CASE**

Respondent[1] has filed a motion to dismiss for failure to state a claim upon which relief may be granted. Petitioner was removed from the United States on February 2, 2004, after the Court denied his stay request.

For the same reasons that petitioner failed to demonstrate any likelihood of success on the merits, the petition fails to state any claim upon which relief may be granted.

In essence, petitioner's claim is that his removal order is unlawful because, he says, "he was not given oral notice of the consequences at the time and place of the schedule[d] hearing as

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's former immigration custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

1

required." Petition, p.3. However, petitioner is unable to demonstrate that such notice is required for entry of a removal order. Petitioner's sole challenge is that "his removal hearing was conducted in violation of [Immigration and Nationality Act] § 240(b)(7) [8 U.S.C. § 1229a(b)(7)]". In fact, though 8 U.S.C. § 1229a(b)(7) does not purport to state any requirement for conducting a removal hearing, nor is it a requirement of law that petitioner be "provide[d] oral notice in his native language" of the time and place of hearing and consequences of failure to appear as directed.

Moreover, the statutory provision relied upon by petitioner at 8 U.S.C. § 1229a(b)(7) declares only that if an alien **were** provided such notice, there would be limitations on discretionary relief from deportation for 10 years. But failure to provide the notice referred to in 8 U.S.C. § 1229a(b)(7) does not undermine the underlying removal order itself, it only governs the terms of certain bars to *relief* from such removal order.

Rather, the statutory requirements of notice of a removal hearing are set out in 8 U.S.C. § 1229(a)(1), and direct only that written notice be provided to the alien, not "written notice in his or her native language" and not "oral notice", as urged by petitioner. Petition, pp. 2-3. The petition frankly concedes that "[p]etitioner does not deny that he was given written notice of his scheduled removal hearing." Petition, p.3. That is all

that is required by 8 U.S.C. § 1229(a)(1), and the petition therefore fails to state a claim upon which relief may be granted.

Accordingly, the Court should dismiss this action for failure to state a claim upon which relief may be granted.

### CONCLUSION

For all the reasons set out above, the Court should dismiss the petition, and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

### CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on February 4, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

3